UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WYATT MORGAN** | **CIVIL ACTION NO. 20-1601** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **DARREL VANNOY** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Petitioner Wyatt Morgan, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus, [doc. # 1], on approximately December 8, 2020, under 28 U.S.C. § 2254. Petitioner attacks his three aggravated rape convictions and his three life sentences.[1] For the following reasons, the Court should dismiss the Petition without prejudice.

**Background**

On approximately January 20, 2012, Petitioner filed a petition before this Court under 28 U.S.C. § 2254, attacking the same convictions and sentences he attacks here. *Wyatt Morgan v. Warden, Louisiana State Penitentiary*, 3:12-cv-0283 (W.D. La. 2012). He claimed: "(1) there is insufficient evidence to prove his guilt on the three counts of Aggravated Rape beyond a reasonable doubt; (2) the trial court erred by denying his motion to suppress the introduction of DNA evidence in violation of the Fourth and Fourteenth amendments; (3) the trial court erred by allowing other crimes evidence to be admitted in violation of the Fourteenth amendment; (4) he was denied due process and a fair trial by the joinder of offenses at trial; and, (5) the trial court

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

erred in allowing testimonial hearsay to be admitted in violation of the Sixth and Fourteenth amendments." *Id.* at doc. 14.

On December 3, 2012, this Court denied and dismissed the petition with prejudice. *Id.* at doc. 18. On September 9, 2013, the United States Court of Appeals for the Fifth Circuit denied Petitioner's motion for a certificate of appealability. *Id.* at 25.

In the instant Petition, Petitioner claims: (1) under *Graham v. Florida*, 560 U.S. 48 (2001), his sentences are illegal and the statute under which he was convicted is invalid and unconstitutional; (2) the prosecution failed to disclose exculpatory and "impeachment material" evidence; and (3) new evidence demonstrates that he is actually innocent. [doc. # 1-1].

## Law and Analysis

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." RULE 9 OF THE RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS. The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-

63 (1996)).

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).[2] A petition is "second or successive," under the first prong, if it contains a new claim that the petitioner could have raised in a prior petition and the petitioner's failure to raise the claim is inexcusable. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

Likewise, under the second prong, "a petitioner may abuse the writ by failing to raise a [new] claim through inexcusable neglect" or deliberate abandonment. *Id.*[3] A "petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice. Second, it is an abuse of the writ for a prisoner to raise the same claim a second time." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). "A federal habeas court's power to excuse these types of defaulted claims derives from the court's equitable discretion." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

---

[2] "This definition 'must be considered in the context of AEDPA, the statute that it interprets,' which is aimed at minimizing repeated attacks on the validity of a petitioner's conviction or sentence." *Ramos v. Davis*, 653 F. App'x 359, 363 (5th Cir. 2016) (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 221-22 (5th Cir. 2009)). "AEDPA's 'design is to further the principles of comity, finality, and federalism,' to 'reduce piecemeal litigation,' and to 'streamline federal habeas proceedings.'" *Id.* (quoting *Panetti v. Quarterman*, 551 U.S. 930, 945-46 (2007)).

[3] See also *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (suggesting that the definition of "second or successive" would be the same under AEDPA as under pre-AEDPA law); *In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998) (indicating that courts should interpret the meaning of "second or successive" using pre-AEDPA abuse-of-the-writ standards).

Here, Petitioner raises new claims in a "second or successive" habeas corpus application. This Petition is a later-in-time petition that challenges the same judgment imposing the same sentences as Petitioner's earlier-in-time petition.

Petitioner presents one claim under *Graham v. Florida*, 560 U.S. 48 (2011), which is "retroactive on collateral review[,]"[4] but this claim does not change the "second or successive" nature of this Petition. "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009). Likewise, Petitioner's "actual innocence" claim, grounded in alleged new evidence, does not alter the "second or successive" nature of this Petition: "claims based on a *factual* predicate not previously discoverable are successive." *Id.*

Before this Court may consider a second or successive petition, Petitioner must, as mentioned, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).[5] Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. See *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that this proceeding be **DISMISSED**

---

[4] *In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011) ("*Graham* was therefore made retroactive on collateral review by the Supreme Court as a matter of logical necessity under *Tyler*.").

[5] "Before a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

**WITHOUT PREJUDICE** for lack of jurisdiction.[6]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 27th day of January, 2021.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[6] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. See *In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Dismissal, rather than transfer, is warranted here.